```
          UNITED STATES DISTRICT COURT
             DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LOUIS DALOISIO,<br><br>      Plaintiff,<br><br>  v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>      Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 10-3748<br>      (JEI/KMW)<br><br>**OPINION** |

**APPEARANCES:**

LAW OFFICES OF JONATHAN WHEELER
By: Jonathan Wheeler
1617 JFK Boulevard
Suite 1270
One Penn Center
Philadelphia, PA 19103
    Counsel for Plaintiff

JAFFE & ASHER LLP
By: Fred H. Bicknese
600 Third Avenue
9th Floor
New York, NY 10016
    Counsel for Defendant

**IRENAS**, Senior District Judge:

    This matter appears before the Court on Defendant's Motion to Dismiss the Third Count of the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  Defendant also seeks to dismiss Plaintiff's claims for punitive damages and attorney's fees.  For the reasons sets forth below, the Court will grant the

---

[1] The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Motion as to the Third Count of the Amended Complaint and as to Plaintiff's claim for attorney's fees under the First and Second Count of the Amended Complaint, and deny the Motion as to Plaintiff's claim for punitive damages under the Second Count of the Amended Complaint.

I.

The following facts are alleged in the Complaint. Defendant, Liberty Mutual Fire Insurance Company, issued in its regular course of business a policy of homeowners insurance (the "Policy") to Plaintiff, Louis Daloisio, covering Plaintiff's premises. (Amended Complaint ¶ 4) On April 11, 2008, Plaintiff suffered direct physical loss to the insured premises as a result of a fire. (*Id.* at 5) The Policy was in full force and effect as of that date. (*Id.*)

Plaintiff promptly notified Defendant of the loss, and performed all other of his other obligations under the Policy. (*Id.* at 6) Defendant has refused to pay benefits due and owing under the Policy to Plaintiff. (*Id.* at 7)

Plaintiff filed the original Complaint on July 9, 2010, in the Superior Court of New Jersey, Burlington County. Defendant removed to federal court on July 26, 2010. Defendant filed its first Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) on September 10, 2010.

Plaintiff filed his Amended Complaint on September 30, 2010. In response, Defendant withdrew its first Motion to Dismiss, and

filed the present Motion to Dismiss under Rule 12(b)(6) on November 5, 2010.

The First Count of the Amended Complaint alleges that as a result of Defendant's failure to pay benefits, Plaintiff has suffered loss and damage and has been deprived of the benefits of his bargain with Defendant.  (*Id.* at 8)

The Second Count of the Amended Complaint alleges that Defendant breached its duty of good faith and fair dealing under the Policy, with malicious and reckless disregard for Plaintiff's rights.  (*Id.* at 10)

The Third Count of the Amended Complaint alleges that Defendant "purposely misrepresented the benefits which is purported to offer under" the Policy, and demonstrated by its conduct that Defendant "had never intended to pay the benefits promised" by the Policy.  (*Id.* at 17) Plaintiff further alleges that Defendant misrepresented its "policy, terms and provisions in obtaining justifiable reliance upon such representation for the purpose of financial gain by Defendant," all in violation of the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. § 56:8-1 et seq. (Amended Complaint ¶ 18)

Plaintiff is seeking counsel fees, costs, prejudgment interest, compensatory damages, punitive damages and such other relief as this Court may deem equitable and just.

**II.**

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007); see also Fed. R. Civ. P. 8(a)(2).  While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions.  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible.  *Phillips*, 515 F.3d at 234.

**III.**

The Third Count of the Amended Complaint alleges that Defendant made fraudulent misrepresentations in violations of the CFA when issuing the Policy.  Plaintiff seeks punitive damages under the Second Count and Third Count of the Amended Complaint, and attorney's fees under all Counts.

**A.**

The CFA provides, in pertinent part, that the "act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice. . . ." N.J.S.A. § 56:8-2.

Claims under the CFA are required to meet the particularity requirement of Fed. R. Civ. P. 9(b).  *See Palmeri v. LG Electronics USA, Inc.*, 2008 WL 2945985, *3 (D.N.J. July 30, 2008).  The purpose of Rule 9(b) is to "place the defendants on notice of the precise misconduct with which they are charged."  *Seville Industrial Machinery Corp. V. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir. 1984).  Rule 9(b) "requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story."  *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999)(internal citations and quotations omitted).  Besides the conclusory allegation that Defendant made misrepresentations prior to issuing the Policy, Plaintiff has not

5

plead any particular facts that Defendant acted fraudulently with regards to the Policy.  Plaintiff has not plead who made the fraudulent misrepresentations, when they made them and what the fraudulent misrepresentations were.  The Third Count of the Amended Complaint fails to meet the heightened pleading requirements of Rule 9(b).

Plaintiff may argue that the failure of an insurer to pay an insurance claim can serve as a basis for a claim under the CFA. Such a claim, though, is a claim for breach of contract, and the breach of an enforceable contract does not constitute a violation of the CFA.  *See Richardson v. Standard Guar. Ins. Co.*, 371 N.J. Super 449, 470 (App. Div. 2004)(claims for breach of a contract do not constitute violations of the CFA); *Kuhnel v. CNA Ins. Companies*, 322 N.J. Super. 568, 581 (App. Div. 1999)(disputes which involve the receipt of benefits, and not the marketing or sale of policies, are beyond the scope of the CFA); *Pierzga v. Ohio Cas. Group of Ins. Companies*, 208 N.J. Super 40, 46 (App. Div. 1986)(a no-pay decision by an insurer is not a legal basis for a CFA claim); *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 168 (3rd Cir.1998) ("The mere denial of insurance benefits to which the plaintiffs believed they were entitled does not comprise an unconscionable commercial practice.").

Because Plaintiff has not met the heightened pleading requirements necessary for a claim under the CFA, the Third Count

of the Amended Complaint must be dismissed as a matter of law.

### B.

Under New Jersey law, punitive damages may be available when an insured brings suit against his insurer to enforce coverage. *Polizzi Meats, Inc. V. Aetna Life & Cas. Co.*, 931 F. Supp. 328, 335 (D.N.J. 1996). The burden to sustain a claim for punitive damages is heavy - the insured must show egregious circumstances and wantonly reckless or malicious conduct on the part of the insurer. *Id.* Whether the Defendant's actions were egregious, wantonly reckless or malicious is a fact-specific inquiry requiring examination of Defendant's intent and knowledge. As such, it is a judgment that is ill-suited for a motion to dismiss. Therefore, the Court will deny Defendant's motion to dismiss Plaintiff's claim for punitive damages without prejudice.

### C.

Attorney's fees are not available when an insured brings suit against his insurer to enforce coverage. *Eagle Fire Prot. Corp. V. First Indem. Of Am. Ins. Co.*, 145 N.J. 345, 363 (1996). *See also Enright v. Lubow*, 215 N.J. Super. 306, 311-312 (App. Div. 1987).[2] Because this is an action by an insured against his

---

[2] Attorney's fees are available under New Jersey Court Rule 4:42-9(a)(6) in "those situations in which an insured was constrained to bring suit to enforce the provisions of a liability or indemnity policy whereby the carrier was obliged to defend and indemnify." *Kistler v. New Jersey Mfrs. Ins. Co.*, 172 N.J. Super 324, 331 (App. Div. 1980).

insurer, attorney's fees are not available to Plaintiff, and the Court will grant Defendant's motion to dismiss Plaintiff's claim for attorney's fees.

**IV.**

For the reasons set forth herein, the Court will grant Defendant's Motion to Dismiss as to the Third Count of the Amended Complaint and as to Plaintiff's claim for attorney's fees under the First and Second Counts of the Amended Complaint; and deny without prejudice Defendant's Motion to Dismiss as to Plaintiff's claim for punitive damages under the Second Count of the Amended Complaint.  However, Plaintiff will be granted leave to file a Motion to Amend the Complaint within 30 days insofar as he wishes to assert claims not considered in this opinion or claims that would not be barred by the legal holdings the Court has made herein. *See Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (providing that plaintiffs whose claims are subject to a Rule 12(b)(6) dismissal should be given an opportunity to amend their complaints unless amendment would be inequitable or futile).  An appropriate Order accompanies this Opinion.


Dated: December 9, 2010


　　　　　　　　　　　　　　　　　　　　s/ Joseph E. Irenas
　　　　　　　　　　　　　　　　　　　　**JOSEPH E. IRENAS, S.U.S.D.J.**